**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: RM Wind-Down Holdco LLC, et al.1 | | Case No.: | 18-11795 |
|---|---|---|---|
| | | Reporting Period: | 11/26/18 - 12/30/18 |
| | | Federal Tax I.D. #: | 80-0786847 |

**Monthly Operating Report**

| Required Documents | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| **Schedule of Cash Receipts and Disbursements** | MOR-1/MOR-1a | X | |
| Bank Account Information/Reconciliation | MOR-1b | X | Bank reconciliation statement |
| Schedule of Professional Fees Paid | MOR-1c | X | |
| Copies of Bank Statements | | N/A | X |
| Cash Disbursements Journals | | N/A | X |
| **Statement of Operations** | MOR-2 | X | |
| **Balance Sheet** | MOR-3 | X | |
| **Status of Post-Petition Taxes** | MOR-4 | X | |
| Copies of IRS Form 6123 or payment receipt | | N/A | |
| Copies of Tax Returns Filed During Reporting Period | | N/A | |
| **Summary of Unpaid Post-Petition Debts** | | N/A | |
| Listing of Aged Accounts Payable | MOR-5 | X | |
| **Accounts Receivable Reconciliation and Aging** | MOR-6 | X | |
| **Debtor Questionnaire** | MOR-7 | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

| /s/ Christopher J. Wells | 1/22/2019 |
|---|---|
| Signature of Authorized Individual | Date |

| Christopher J. Wells | Chief Financial Officer |
|---|---|
| Printed Name of Authorized Individual | Title of Authorized Individual |

(1) The Debtors in these chapter 11 cases, along with thir respective case numbers, as applicable are: RM Wind-Down Holdco LLC (18-11795); RM Wind-Down Opco LLC (18-11796), RM Wind-Down HQ LLC (18-11797); RM Wind-Down Acapulco LLC (18-11798); RM Wind-Down Chevys LLC (18-11799); and RM Wind-Down El Torito LLC (18-11800). The Debtors' corporate headquarters is located at 5660 Katella Ave, Suite 200 Cypress, CA  90630.

(2) The Debtors operated restaurants under the following names: (1) El Torito Cantina Autentica; (2) Chevys Fresh Mex; (3) Acapulco Restaurant y Cantina; (4) El Torito Grill Mexican Revolution; (5) Sinigual Contemporary Mexican Cuisine; (6) Las Brisas; and (7) Who Song and Larry's.

| | | |
|---|---|---|
| **In re: RM Wind-Down Holdco LLC, et al** | Case No.: | <u>18-11795</u> |
| | Reporting Period: | <u>11/26/18 - 12/30/18</u> |
| | Federal Tax I.D. #: | <u>80-0786847</u> |

## Listing of Debtor Entities and Notes to the Monthly Operating Report

### General:
The report includes consolidated activity from the following Debtors and related Case numbers:

| Debtor | Case Number |
|---|---|
| RM Wind-Down Holdco LLC | 18-11795 |
| RM Wind-Down Opco LLC | 18-11796 |
| RM Wind-Down HQ LLC | 18-11797 |
| RM Wind-Down Acapulco LLC | 18-11798 |
| RM Wind-Down Chevys LLC | 18-11799 |
| RM Wind-Down El Torito LLC | 18-11800 |

General Notes to the MOR:

Debtor-in-Possession Financial Statements
This Monthly Operating Report ("MOR") has been prepared solely for the purpose of complying with the monthly reporting requirements applicable in the bankruptcy cases and is in a format acceptable to the Office of the U.S. Trustee. The financial information contained herein is unaudited, preliminary, limited in scope, and as discussed below, may not comply with accounting principles generally accepted in the United States of America ("U.S. GAAP") in all material respects.  All results, other than as noted, are being presented on a consolidated basis due to the complexity of intercompany transactions among Debtor entities and system limitations that prevent isolating balance sheet and cash activity among distinct Debtors and non-debtors.

The unaudited consolidated financial statements have been derived from the books and records of RM Wind-Down Holdco, LLC and related Debtors and non-debtors ("RM") on a consolidated  or consolidating basis, as applicable. No current activity exists for the non-debtors and existing balances on MOR-3 are immaterial with respect to the consolidated balances.  The information furnished in this report includes primarily normal recurring adjustments, but not all of  the adjustments that would typically be made for the quarterly and annual financial statements to be in accordance with U.S. GAAP. Furthermore, the financial information contained herein has not been subjected to the same level of accounting review and testing that RM Holdco, LLC  and related Debtors and non-debtors apply in the preparation of their quarterly and annual financial information in accordance with U.S. GAAP. Accordingly, upon the application of such procedures, RM believes that the financial information may be subject to change, and that these changes could be material.

The results of operations contained herein are not necessarily indicative of results which may be expected from any other period or for the full year and may not necessarily reflect the consolidated results of operations, financial position and schedule of receipts and disbursements of RM in the future. RM cautions readers not to place undue reliance upon the MOR. There can be no assurance that such information is complete and the MOR may be subject to revision.

Intercompany Transactions
Due to the cash management structure of RM, intercompany activity is material among Debtor entities making an isolated entity breakout within MOR-1 and MOR-3 limited.  Intercompany transactions between Debtors have been nearly eliminated in the financial statements contained herein. The unaudited consolidated financial statements presented in MOR-2 and MOR-3 also include elimination entries for intercompany balances related to Non-debtor affiliates.

Liabilities Subject to Compromise
As a result of the chapter 11 filing, the payment of pre-petition indebtedness is subject to compromise or other treatment under a plan of reorganization or liquidation. The determination of how liabilities will ultimately be settled and treated cannot be made until the bankruptcy court approves a chapter 11 plan. Accordingly, the ultimate amount of such liabilities is not determinable at this time. RM has segregated pre-petition liabilities that are subject to compromise to be reported at the amounts expected to be allowed, even if they may be settled for lesser amounts. The amounts currently classified as liabilities subject to compromise are preliminary and may be subject to future adjustments depending on bankruptcy court actions, first day motions that allow certain pre-petition liabilities to be paid in the ordinary course, further developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, assumption or rejection of executory contracts, impact of an asset purchase agreement and liabilities being assumed by the buyer, and continued reconciliation and other events.

*Restructuring Costs*
Expenses and income directly associated with the chapter 11 filings have been reported separately in the income statement and balance sheet as restructuring expenses/accruals, except for interest and expenses associated with RM's Debtor-in-Possession Financing (included in interest expense).  Restructuring expenses include post-petition expenses and payments related to legal advisory and representation services, other professional consulting and advisory services including claims reconciliation, US Trustee fees, expenses associated with retention of RM employees per court approval, changes in liabilities subject to compromise recognized as there are changes in amounts expected to be allowed claims, and all other items related to the chapter 11 process.

*363 Sale Transaction*
On September 28, 2018, the Court entered that certain Order (I) Approving Asset Purchase Agreement ("APA") and Authorizing the Sale of Certain Assets of the Debtors Outside of the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief [D.I. 288], thereby approving the sale (the "Sale") of the Assets and the assumption and assignment of certain executory contracts and unexpired leases to FM Restaurants (PT), LLC, pursuant to the Stalking Horse APA. The Sale closed on October 29, 2018.  Per the APA the Purchaser is to provide to RM an allocation of the purchase price proceeds among the assets included in the sale 60 days after the sale close date.  Subsequently, the date has been extended beyond the end of the designation rights period.  Until such time the allocation is provided and approved by RM, the proceeds will be allocated to RM Wind-Down Opco LLC.  As part of the funding of the transaction,  the purchaser credited from the purchase price amounts owed on their portion of the funded DIP ($2.75M+ accrued interest), Senior Secured Term Loan ($ 12.353M), and their remaining purchase deposit ($1.925M).

| **In re: RM Wind-Down Holdco LLC, et al** | Form No.: | MOR-1 |
|---|---|---|
| **Figures in $** | Case No.: | 18-11795 |
| | Reporting Period: | 11/26/18 - 12/30/18 |
| | Federal Tax I.D. #: | 80-0786847 |

| Consolidated Schedule of Cash Receipts and Disbursements (Period & Case to Date) | | |
|---|---:|---:|
| Week Beginning | 11/26/2018 | 8/6/2018 |
| Week Ending | 12/30/2018 | 12/30/2018 |
| Number of Weeks | 5 | 21 |
| **Total Cash Receipts from Operations** | **$440,523** | **$51,206,528** |
| F&B | - | 10,718,258 |
| Utilities | - | 1,328,202 |
| A/P Others | 165,610 | 5,424,370 |
| Wages / Bonus / PR Taxes | - | 20,456,244 |
| Health / Benefits (1) | 44,764 | 1,339,788 |
| Rent | - | 5,218,670 |
| Sales Taxes (2) | - | 5,705,855 |
| Insurance & WC/GL Payments | - | 2,680,281 |
| CapEx | - | 508,446 |
| **Cash Disbursements from Operations** | **210,374** | **53,380,114** |
| **Operating Net Cash Flow** | **$230,148** | **($2,173,587)** |
| **Sale/Chapter 11 Related Cash Flows** | | |
| Cash proceeds From 363 Sale, net (3) | - | 36,576,242 |
| DIP Loan Payoff (4) | - | 2,750,000 |
| Senior Secured Debt Paydown (5) | - | 22,143,886 |
| Executory Contract Cures | 91,361 | 91,361 |
| Ch.11 Debtor Professionals | 2,019,675 | 3,730,007 |
| Ch.11 Sec. Lender Professionals | 319,783 | 1,155,739 |
| Utility Deposits into Escrow | - | 493,551 |
| Court Filing Fee/ US Trustee Fees | - | 375,213 |
| Workers Comp LOC Fees & Interest | - | 1,510,323 |
| DIP Fees/Interest/Reimbursement | - | 1,448,683 |
| **Sale/Chapter 11 Disbursements** | **2,430,819** | **33,698,763** |
| **Sale/ Chapter 11 Net Cash Flow** | **(2,430,819)** | **2,877,478** |
| **Total Net Cash Flows** | **($2,200,670)** | **$703,892** |
| DIP Balance | $0 | $0 |
| *Total Disbursements* | **$2,641,193** | **$87,078,878** |

**General Notes to MOR-1:**

MOR-1 is based primarily on the form/format of cash flow projections provided for in the Debtor's Debtor-In-Possession ("DIP") financing budget and initial monthly operating report (Docket #100) . Cash receipts and disbursement amounts are derived based on information from the Debtors financial records on a consolidated book basis and is based on calendar weeks (Monday-Sunday). Cash receipts and disbursements between Debtors are included in this schedule.

Cash receipts related to principal balance draws of the DIP financing have been excluded from the cash receipts and disbursement totals above. Interest expense and fees associated with the DIP financing are included.

(1) VDI Plan (retained liability) disbursements
(2) September 2018 sales taxes ($1.76M) paid by Purchaser / reimbursed by Seller through the transaction close
(3) Sale proceeds collected based on initial flow of funds of acquired assets on day 1
(4) Cash payouts made only to Tennenbaum's portion of DIP/Senior Secured Debt
(5) As part of the funding of the transaction,  the purchaser credited from the purchase price amounts owed on their portion of the funded DIP ($2.75M+ accrued interest), Senior Secured Term Loan ($12.353M), and their remaining purchase deposit ($1.925M).

**In re: RM Wind-Down Holdco LLC, et al**

Figures in $

| Form No.: | MOR-1a |
|---|---|
| Case No.: | 18-11795 |
| Reporting Period: | 11/26/18 - 12/30/18 |
| Federal Tax I.D. #: | 80-0786847 |

### Schedule of Cash Receipts and Disbursements by Legal Entity [1]

| Debtor | Case Number | Cash Receipts | Cash Disbursements | Intercompany | Net Cash Flow[+] |
|---|---|---|---|---|---|
| RM Wind-Down Holdco LLC | 18-11795 | $ - | $ - | $ - | $ - |
| RM Wind-Down Opco LLC[2] | 18-11796 | $ 440,523 | (136,125) | (2,505,068) | 304,398 |
| RM Wind-Down HQ LLC | 18-11797 | $ - | (2,505,068) | 2,505,068 | (2,505,068) |
| RM Wind-Down Acapulco LLC | 18-11798 | $ - | - | - | - |
| RM Wind-Down Chevys LLC | 18-11799 | $ - | - | - | - |
| RM Wind-Down El Torito LLC | 18-11800 | $ - | - | - | - |
| **Totals** | | $ 440,523 | $ (2,641,193) | $ - | $ (2,200,670) |

Notes to MOR-1a:

Cash receipts and disbursement amounts are derived based on information from the Debtors bank statements. Cash receipts and disbursements between Debtors are included in this schedule.
Cash receipts and cash disbursements related to the Debtor-In-Possession financing have been excluded from the cash receipts and disbursement totals above unless otherwise noted.
(1) Receipts and disbursements were allocated to entities based on pro-rata activity within the P&L (MOR-2) and may not reflect actual activity by legal entity.
(2) All Receipts and disbursements flow through RM Wind-Down Opco LLC; Debtor has excluded intercompany and attributed activity to each of the Debtors as if they maintained separate receipt and disbursement accounts.

| | | | | Form No.: | MOR-1b |
|---|---|---|---|---|---|
| **In re: RM Wind-Down Holdco LLC, et al** | | | | Case No.: | <u>18-11795</u> |
| Figures in $ | | | | Reporting Period: | <u>11/26/18 - 12/30/18</u> |
| | | | | Federal Tax I.D. #: | <u>80-0786847</u> |

| Bank Account Information | | | | | | |
|---|---|---|---|---|---|---|
| Legal Entity | Case Number | Bank Name / Address | Description | Acct # (Last 4 Digits) | Bank Balance | |
| RM Wind-Down Opco LLC | 18-11796 | Wells Fargo<br>PO Box 63020<br>San Francisco, CA  94163<br>ATTN: Paul Estrada | Voluntary Disability | 7073 | 76,079 | |
| RM Wind-Down Opco LLC | 18-11796 | Citibank<br>1 Penns Way<br>New Castle, DE  19720 | General Liability (Gallagher) | 6618 | 109,734 | (1) |
| RM Wind-Down Opco LLC | 18-11796 | Citibank<br>1 Penns Way<br>New Castle, DE  19720 | Work Comp (Gallagher) | 9014 | 64,454 | (1) |
| RM Wind-Down Opco LLC | 18-11796 | Wells Fargo<br>PO Box 63020<br>San Francisco, CA  94163<br>ATTN: Paul Estrada | WF CD (P-card) | N/A | 200,000 | (2) |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | Disbursement Account | 1949 | 164,169 | |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | Voluntary Disability Account | 1977 | - | |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | Concentration Account | 1956 | 7,465,094 | |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | Eco Lab Account | 2033 | 67,182 | |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | Utility Deposit Account | 1970 | - | |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | Westchester Stipulation Account | 1963 | 5,440 | |
| RM Wind-Down Opco LLC | 18-11796 | Axos Bank<br>4350 La Jolla Village Dr., Suite 140<br>San Diego, CA  92122<br>ATTN: Maggie Wydysh | Landlord Reserve | 0345 | 32,646 | |
| RM Wind-Down Opco LLC | 18-11796 | East West Bank<br>9300 Flair Drive, 4th Fl.<br>El Monte, CA  91731<br>ATTN: Tito Ibarrola | NY Liquor Account | 2131 | 204,821 | (3) |
| | | | | **TOTAL** | **$ 8,389,618** | |

**Notes to MOR-1b:**
All amounts listed above are the bank balances as of the fiscal period. Copies of bank statements and cash disbursement journals are not included in this MOR. These items will be made available upon request.

(1) Ultimate ownership of accounts being discussed/negotiated with the Purchaser; Balances reflect what the Debtor believes are Debtor held balances.
(2) Subject to a stipulation with Wells Fargo (Docket #407)
(3) Account established to accommodate management services responsibility; 100% of balance (less fees) is funded/owed to the Purchaser

| | | |
|---|---|---|
| In re: RM Wind-Down Holdco LLC, et al | Form No.: | MOR-1b |
| | Case No.: | <u>18-11795</u> |
| | Reporting Period: | 11/26/18 - 12/30/18 |
| | Federal Tax I.D. #: | <u>80-0786847</u> |

**Bank Reconciliations**

The above-captioned debtors (the "Debtors") hereby submit this attestation regarding bank account reconciliations in lieu of providing copies of bank statements.

The Debtors' standard practice is to ensure that each bank account is reconciled to bank statements at least once per fiscal quarter within 45 days after the month end. I attest that each of the Debtors' bank accounts is reconciled to bank statements in accordance with its practices.


<u>/s/ Christopher J. Wells</u>                                              <u>1/22/2019</u>
Signature of Authorized Individual                              Date


Christopher J. Wells                                                   <u>Chief Financial Officer</u>
Printed Name of Authorized Individual                      Title of Authorized Individual

In re: RM Wind-Down Holdco LLC, et al  
Figures in $

Form No.: MOR-1c  
Case No.: 18-11795  
Reporting Period: 11/26/18 - 12/30/18  

Federal Tax I.D. #: 80-0786847

### Schedule of Professional Fees and Expenses Paid

| Payee | Role in the Case | Period Covered | Amount Paid in Period Fees | Amount Paid in Period Expenses | Case to Date Fees | Case to Date Expenses |
|---|---|---|---|---|---|---|
| Alvarez & Marsal Inc. | CRO/CFO | 11/12/18 - 12/09/18 | $ 280,000 | $ 5,646 | $ 1,185,000 | $ 75,105 |
| Sidley Austin LLP | Debtor Counsel | 9/01/18 - 9/30/18 | 352,936 | 7,851 | 750,874 | 13,034 |
| Kurtzman Carson Consultants LLC | Claims/Noticing Agent | 10/01/18 - 10/31/18 | 68,512 | 110,125 | 219,110 | 292,279 |
| Young Conaway Stargatt & Taylor, LLP | Local Debtor Counsel | 8/6/2018 - 9/30/2018 | 180,502 | 11,067 | 180,502 | 11,067 |
| Piper Jaffray & Co. | Investment Banker | 8/6/2018 - 10/28/2018 | 1,000,000 | 3,037 | 1,000,000 | 3,037 |
|  |  |  | - | - | - | - |
|  |  | TOTAL | $ 1,881,949 | $ 137,726 | $ 3,335,486 | $ 394,522 |
|  |  |  | Period | $ 2,019,675 | Case to Date | $ 3,730,007 |

**Notes to MOR-1b:**  
Listing of payments only related to those professionals retained by the Debtor estate

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| In re: RM Wind-Down Holdco LLC, et al | | | | | | Form No.: | MOR-2 |
| Figures in $ | | | | | | Case No.: | 18-11795 |
| | | | | | | Reporting Period: | 11/26/18 - 12/30/18 |
| | | | | | | Federal Tax I.D. #: | 80-0786847 |

**RM Holdco LLC and related Debtors and non-debtors Consolidating Statement of Operations (Unaudited) (1)**

| Entity Name<br>Case # | RM Wind-Down Holdco LLC<br>18-11795 | RM Wind-Down Opco LLC<br>18-11796 | RM Wind-Down HQ LLC<br>18-11797 | RM Wind-Down Acapulco LLC<br>18-11798 | RM Wind-Down Chevys LLC<br>18-11799 | RM Wind-Down El Torito<br>18-11800 | 5 Weeks<br>11/26/2018<br>12/30/2018 |
|---|---|---|---|---|---|---|---|
| **Revenues:** | | | | | | | |
| Restaurant sales, net | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Franchise and other revenues | - | - | - | - | - | - | - |
| Total revenues | - | - | - | - | - | - | - |
| **Costs and expenses:** | | | | | | | |
| Restaurant costs | | | | | | | |
| Cost of sales | - | - | - | - | - | - | - |
| Compensation and benefits | - | - | - | - | - | - | - |
| Direct operating and occupancy expense | - | - | - | - | - | - | - |
| Total restaurant costs | - | - | - | - | - | - | - |
| General and administrative expense | - | - | 69,195 | - | - | - | 69,195 |
| Depreciation and amortization | - | - | - | - | - | - | - |
| Loss/(gain) on sale of assets | (214,046) | - | - | - | - | - | (214,046) |
| Operating (loss) income | 214,046 | - | (69,195) | - | - | - | 144,851 |
| **Restructuring Costs** | - | - | 450,744 | - | - | - | 450,744 |
| **Other (income) expense:** | | | | | | | |
| Interest expense | - | - | 10,359 | - | - | - | 10,359 |
| Other (income) expense, net | - | - | (11,571) | - | - | - | (11,571) |
| Total other expense, net | - | - | (1,212) | - | - | - | (1,212) |
| Loss before income tax provision | 214,046 | - | (518,727) | - | - | - | (304,681) |
| Income tax provision | - | - | - | - | - | - | - |
| Net Loss | $ 214,046 | $ - | $ (518,727) | $ - | $ - | $ - | $ (304,681) |

Notes to the MOR-2:
This Monthly Operating Report ("MOR") has been prepared solely for the purpose of complying with the monthly reporting requirements applicable in the bankruptcy cases and is in a format acceptable to the Office of the U.S. Trustee. The financial information contained herein is unaudited, preliminary, limited in scope, and as discussed below, may not comply with accounting principles generally accepted in the United States of America ("U.S. GAAP") in all material respects.

The unaudited consolidated financial statements have been derived from the books and records of RM Holdco, LLC and related Debtors and non-debtors ("RM") on a consolidated or consolidating basis as applicable. No activity exists for the non-debtors and existing balances on MOR-3 are immaterial with respect to the consolidated balances. The information furnished in this report includes primarily normal recurring adjustments, but not all of the adjustments that would typically be made for the quarterly and annual financial statements to be in accordance with U.S. GAAP. Furthermore, the financial information contained herein has not been subjected to the same level of accounting review and testing that RM Holdco, LLC and related Debtors and non-debtors apply in the preparation of their quarterly and annual financial information in accordance with U.S. GAAP. Accordingly, upon the application of such procedures, RM believes that the financial information may be subject to change, and that these changes could be material.

The results of operations contained herein are not necessarily indicative of results which may be expected from any other period or for the full year and may not necessarily reflect the consolidated results of operations, financial position and schedule of receipts and disbursements of RM in the future. RM cautions readers not to place undue reliance upon the MOR. There can be no assurance that such information is complete and the MOR may be subject to revision.

Intercompany Transactions
Due to the cash management structure of RM, intercompany activity is material among Debtor entities making an isolated entity breakout within MOR-1 and MOR-3 limited. Intercompany transactions between Debtors have been nearly eliminated in the financial statements contained herein. The unaudited consolidated financial statements presented in MOR-2 and MOR-3 also include elimination entries for intercompany balances related to Non-debtor affiliates.

Liabilities Subject to Compromise
As a result of the chapter 11 filing, the payment of pre-petition indebtedness is subject to compromise or other treatment under a plan of reorganization or liquidation. The determination of how liabilities will ultimately be settled and treated cannot be made until the bankruptcy court approves a chapter 11 plan. Accordingly, the ultimate amount of such liabilities is not determinable at this time. RM has segregated pre-petition liabilities that are subject to compromise to be reported at the amounts expected to be allowed, even if they may be settled for lesser amounts. The amounts currently classified as liabilities subject to compromise are preliminary and may be subject to future adjustments depending on bankruptcy court actions, first day motions that allow certain pre-petition liabilities to be paid in the ordinary course, further developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, assumption or rejection of executory contracts, impact of an asset purchase agreement and liabilities being assumed by the buyer, and continued reconciliation and other events.

Restructuring Costs
Expenses and income directly associated with the chapter 11 filings have been reported separately in the income statement as restructuring expenses, except for interest and expenses associated with RM's Debtor-in-Possession Financing (included in interest expense). Restructuring expenses include post-petition expenses and payments related to legal advisory and representation services, other professional consulting and advisory services including claims reconciliation, US Trustee fees, expenses associated with retention of RM employees per court approval, changes in liabilities subject to compromise recognized as there are changes in amounts expected to be allowed claims, and all other items related to the chapter 11 process that are non-reoccurring.

363 Sale Transaction
On September 28, 2018, the Court entered that certain Order (I) Approving Asset Purchase Agreement ("APA") and Authorizing the Sale of Certain Assets of the Debtors Outside of the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief [D.I. 288], thereby approving the sale (the "Sale") of the Assets and the assumption and assignment of certain executory contracts and unexpired leases to FM Restaurants (PT), LLC, pursuant to the Stalking Horse APA. The Sale closed on October 29, 2018. Per the APA the Purchaser is to provide to RM an allocation of the purchase price proceeds among the assets included in the sale 60 days after the sale close date. Subsequently, the date has been extended beyond the end of the designation rights period. Until such time the allocation is provided and approved by RM, the proceeds will be allocated to RM Wind-Down Opco LLC. As part of the funding of the transaction, the purchaser credited from the purchase price amounts owed on their portion of the funded DIP ($2.75M+ accrued interest), Senior Secured Term Loan ($ 12.353M), and their remaining purchase deposit ($1.925M).

| | |
|---|---|
| In re: RM Wind-Down Holdco LLC, et al | Form No.: MOR-3 |
| Figures in $ | Case No.: 18-11795 |
| | Reporting Period: 11/26/18 - 12/30/18 |
| | Federal Tax I.D. #: 80-0786847 |

**RM Wind-Down Holdco LLC and related Debtors and non-debtors Consolidated Balance Sheet (Unaudited) (1)**

| Period Ending | 12/30/2018 |
|---|---:|
| **Assets** | |
| Current assets: | |
|    Cash and cash equivalents | $ 8,302,077 |
|    Trade receivables, net | 318,420 |
|    Other receivables | 294,181 |
|    Prepaid expenses | 854,419 |
| Total current assets | 9,769,097 |
| Other assets | 1,332,697 |
| **Total assets** | **$ 11,101,794** |
| | |
| **Liabilities and members' equity** | |
| Current liabilities: | |
|    Accounts payable | $ 1,239,064 |
|    Accrued restructuring costs | 859,576 |
|    Other accrued liabilities | 441,652 |
|    Purchase price reserve | 1,000,000 |
| Total current liabilities | 3,540,291 |
| Liabilities subject to compromise | 268,574,319 |
| **Total liabilities** | **272,114,611** |
| | |
| Members' equity: | |
|    Common Stock | $ – |
|    Accumulated deficit | (261,012,817) |
| Total members' equity | (261,012,817) |
| **Total liabilities and members' equity** | **$ 11,101,794** |

| | | |
|---|---|---|
| **In re: RM Wind-Down Holdco LLC, et al** | Form No.: | MOR-3 |
| Figures in $ | Case No.: | 18-11795 |
| | Reporting Period: | 11/26/18 - 12/30/18 |
| | Federal Tax I.D. #: | 80-0786847 |

### RM Wind-Down Holdco LLC and related Debtors and non-debtors Consolidated Balance Sheet (Unaudited) (1)
**Period Ending**  12/30/2018

Notes to the MOR-3:
This Monthly Operating Report ("MOR") has been prepared solely for the purpose of complying with the monthly reporting requirements applicable in the bankruptcy cases and is in a format acceptable to the Office of the U.S. Trustee. The financial information contained herein is unaudited, preliminary, limited in scope, and as discussed below, may not comply with accounting principles generally accepted in the United States of America ("U.S. GAAP") in all material respects. All results are being presented on a consolidated basis due to the complexity of intercompany transactions among Debtor entities and system limitations that prevent isolating activity among distinct Debtors and non-debtors.

The unaudited consolidated financial statements have been derived from the books and records of RM Wind-Down Holdco, LLC and related Debtors and non-debtors ("RM") on a consolidated or consolidating basis as applicable. No activity exists for the non-debtors and existing balances on MOR-3 are immaterial with respect to the consolidated balances. The information furnished in this report includes primarily normal recurring adjustments, but not all of the adjustments that would typically be made for the quarterly and annual financial statements to be in accordance with U.S. GAAP. Furthermore, the financial information contained herein has not been subjected to the same level of accounting review and testing that RM Holdco, LLC and related Debtors and non-debtors apply in the preparation of their quarterly and annual financial information in accordance with U.S. GAAP. Accordingly, upon the application of such procedures, RM believes that the financial information may be subject to change, and that these changes could be material.

The results of operations contained herein are not necessarily indicative of results which may be expected from any other period or for the full year and may not necessarily reflect the consolidated results of operations, financial position and schedule of receipts and disbursements of RM in the future. RM cautions readers not to place undue reliance upon the MOR. There can be no assurance that such information is complete and the MOR may be subject to revision.

Intercompany Transactions
Due to the cash management structure of RM, intercompany activity is material among Debtor entities making an isolated entity breakout within MOR-1 and MOR-3 limited. Those schedules are being presented on a consolidated basis. Intercompany transactions between Debtors have been nearly eliminated in the financial statements contained herein. The unaudited consolidated financial statements presented in MOR-2 and MOR-3 also include elimination entries for intercompany balances related to Non-debtor affiliates.

Liabilities Subject to Compromise
As a result of the chapter 11 filing, the payment of pre-petition indebtedness is subject to compromise or other treatment under a plan of reorganization or liquidation. The determination of how liabilities will ultimately be settled and treated cannot be made until the bankruptcy court approves a chapter 11 plan. Accordingly, the ultimate amount of such liabilities is not determinable at this time. RM has segregated pre-petition liabilities that are subject to compromise to be reported at the amounts expected to be allowed, even if they may be settled for lesser amounts. The amounts currently classified as liabilities subject to compromise are preliminary and may be subject to future adjustments depending on bankruptcy court actions, first day motions that allow certain pre-petition liabilities to be paid in the ordinary course, further developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, assumption or rejection of executory contracts, impact of an asset purchase agreement and liabilities being assumed by the buyer, and continued reconciliation and other events.

Restructuring Costs
Expenses and income directly associated with the chapter 11 filings have been reported separately in the income statement as restructuring expenses, except for interest and expenses associated with RM's Debtor-in-Possession Financing (included in interest expense). Restructuring expenses include post-petition expenses and payments related to legal advisory and representation services, other professional consulting and advisory services including claims reconciliation, US Trustee fees, expenses associated with retention of RM employees per court approval, changes in liabilities subject to compromise recognized as there are changes in amounts expected to be allowed claims, and all other items related to the chapter 11 process that are non-reoccurring.

| In re: RM Wind-Down Holdco LLC, et al | Form No.: | MOR-4 |
| --- | --- | --- |
| Figures in $ | Case No.: | 18-11795 |
| | Reporting Period: | 11/26/18 - 12/30/18 |
| | Federal Tax I.D. #: | 80-0786847 |

| Status of Post-Petition Taxes (Unaudited) (1) | | | |
| --- | --- | --- | --- |
| | Type | Taxes Collected | Taxes Remitted |
| **Federal:** | | | |
| Withholding | | $        - | $        - |
| FICA & Medicare - Employee | | - | - |
| FICA & Medicare - Employer | | - | - |
| Unemployment | | - | - |
| Income | | - | - |
| Other | | - | - |
| **Total Federal** | | $        - | $        - |
| | | | |
| **State and Local:** | | | |
| Withholding | All States | $        - | $        - |
| Unemployment | SUIER | - | - |
| Medicare | | - | - |
| Disability [2] | | - | - |
| Income | | - | - |
| Franchise | | - | - |
| Property | | - | - |
| Sales & Use | | - | - |
| **Total State and Local** | | $        - | $        - |
| | | | |
| **Total Taxes** | | $        - | $        - |

Notes to MOR-4:

RM Wind-Down Holdco, LLC and related Debtors received authority which allowed the payment of certain pre-petition income, sales, use, franchise and property taxes and other taxes, assessments, fees and similar charges. Schedule relates to the post petition period ending 09/30/18.

RM Wind-Down Holdco, LLC. and related Debtors are current on all post-petition payments other than disputes that arise in the ordinary course of business.

(1) As of October 29, 2018, RM had no employees and no restaurant operations by virtue of the sale of the majority of its assets on October 28, 2018 to the Purchaser.
(2) Includes withholding for RM Wind-Down Holdco CA voluntary disability plan

| **In re: RM Wind-Down Holdco LLC, et al** | | Form No.: | MOR-5 |
| --- | --- | --- | --- |
| Figures in $ | | Case No.: | 18-11795 |
| | | Reporting Period: | 11/26/18 - 12/30/18 |
| | | Federal Tax I.D. #: | 80-0786847 |

| **Accounts Payable (Post-Petition) Balance (Unaudited)** [1] | | |
| --- | --- | --- |
| **Accounts Payable Aging** | As of: | 12/30/2018 |
| 0 - 30 days old | $ | 1,239,064 |
| 31 - 60 days old | - | - |
| 61 - 90 days old | - | - |
| 91+ days old | - | - |
| **Total Accounts Payable (Post-Petition)** | $ | 1,239,064 |

**Notes to MOR-5:**
(1) As part of the asset sale, the Purchaser assumed all post-petition trade payables in the ordinary course of business; RM accounts payable predominantly relates to activity post October 29, 2018 that is exclusive to the Debtor estate including professional fees.

| | | |
|---|---|---|
| **In re: RM Wind-Down Holdco LLC, et al** | Form No.: | MOR-6 |
| Figures in $ | Case No.: | <u>18-11795</u> |
| | Reporting Period: | <u>11/26/18 - 12/30/18</u> |
| | Federal Tax I.D. #: | <u>80-0786847</u> |

| Accounts Receivable (Post-Petition) Balance (Unaudited) | | |
|---|---|---|
| **Accounts Receivable Reconciliation** | As of: | **12/30/2018** |
| Total Accounts Receivable at the beginning of the reporting period | $ | 432,257 |
| (+) Amounts billed during the period | | - |
| (-) Amounts, net included in purchase | | - |
| (-) Credits and allowances used/applied during the period & Other Adjustments | | - |
| **Total Gross Accounts Receivable at the end of the reporting period** | $ | 432,257 |

| **Accounts Receivable Aging** | As of: | **12/30/2018** |
|---|---|---|
| 0 - 30 days old | $ | - |
| 31 - 60 days old | | - |
| 61 - 90 days old | | 244,985 |
| 91+ days old | | 187,272 |
| **Total Accounts Receivable (Post-Petition)** | $ | 432,257 |
| *Accounts Receivable Reserves* | | (113,838) |
| **Accounts Receivable, net** | $ | 318,420 |

**Notes to MOR-6:**
(1) Excludes amounts collected on other recievables

| In re: RM Wind-Down Holdco LLC, et al | Form No.: | MOR-7 |
| --- | --- | --- |
| | Case No.: | 18-11795 |
| | Reporting Period: | 11/26/18 - 12/30/18 |
| | Federal Tax I.D. #: | 80-0786847 |

| Debtor Questionnaire | | |
| --- | --- | --- |
| | Yes | No |
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below. | | X |
| 2. Have any funds been disbursed from any account other than a debtor in possession account this reporting period? If yes, provide an explanation below. | | X |
| 3. Have all post-petition tax returns been timely filed? If no, provide an explanation below. | X | |
| 4. Are workers' compensation, general liability and other necessary insurance coverages in effect? If no, provide an explanation below. | | X |
| 5. Has any bank account been opened during the reporting period? If yes, provide documentation identifying the opened account(s). If an investment account has been opened provide the required documentation pursuant to the Delaware Local Rule 4001-3. | | X |

**Explanations**

4. As part of the sale transaction, the Purchaser transferred all employees that existed as of the sale close date to their payroll, purchased substantially all of the assets, and took possession of all the real estate leases. In addition, the Purchaser assumed all liabilities with respect to the transferred employees and assumed all obligations with respect to Worker's Compensation among other assumed liabilities. In anticipation of closing the sale, the Purchaser either assumed or established replacement insurance for operations - covering all remaining facilities (whether assumed as of such date or not). As a result, the Debtor cancelled all of its requisite insurance policies and workers comp coverage as of the sale date. The existing D&O insurance went into a tail run-off period. RM purchased a new 1 year tail policy effective on 10/29/18.