IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RM Wind-Down Holdco LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11795 (MFW)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 600** |

**INITIAL ORDER (I) AUTHORIZING THE DEBTORS MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED FIRST PRIORITY SECURED CLAIMS AND ALLOWED 503(b) CLAIMS; (II) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN PROPERTY; (III) DISMISSING THE DEBTORS' CHAPTER 11 CASES; (IV) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 1017, 2002, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1017-2, dismissing the Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: RM Wind-Down Holdco LLC (f/k/a RM Holdco LLC) (6847); RM Wind-Down Opco LLC (f/k/a RM Opco LLC) (7122); RM Wind-Down HQ LLC (f/k/a RM HQ LLC) (8615); RM Wind-Down Chevys LLC (f/k/a RM Chevys LLC) (N/A); RM Wind-Down Acapulco LLC (f/k/a RM Acapulco LLC) (N/A); and RM Wind-Down El Torito LLC (f/k/a RM El Torito LLC) (N/A).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

01:24417227.4

and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals shall file final fee applications for Professional Fees by May 16, 2019. Any objections to the Final Fee Applications shall be filed, and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed, by June 5, 2019 at 4:00 p.m. (prevailing Eastern Time). The Court will hold a hearing, if necessary, on June 12, 2019 at 10:30 a.m. (prevailing Eastern Time) to resolve any disputes related to Final Fee Applications.

3. After Final Fee Applications have been heard, allowed Professional Fees have been paid, U.S. Trustee fees have been calculated and reserved, and any amounts owing to the Purchaser or reserved for potential payment to the Purchaser pursuant to the APA and Sale Order have been paid to the Purchaser and any disputes related to the APA and Sale Order have been finally resolved (unless otherwise consented to by Purchaser), the Debtors (i) are authorized to distribute payments to holders of Allowed First Priority Secured Claims and Allowed 503(b) Claims, and (ii) shall file all monthly operating reports and pay all U.S. Trustee fees in full.

4. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned and destroyed, any remaining Books and Records in their possession; provided, that any documents containing personally identifiable information must be shredded. To the extent that the Debtors and/or the Purchaser identify any records remaining in their

01:24417227.4

2

possession relating to (i) the claims of Westchester Fire Insurance Company ("Westchester"), the Debtors shall not destroy such records, or (ii) the claims of Sheila Jelgersma and Amy Chamberlain, the Debtors and/or the Purchaser shall provide such records to their defense counsel in the applicable state court action.

5. As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Professional Fees, payment of Allowed First Priority Secured Claims and Allowed 503(b) Claims, and remittance of any remainder to the Secured Lenders, the Debtors shall file a certification (the "Certification") of counsel requesting entry of the Dismissal Order attached hereto as **Exhibit 1**. Among other things, the Certification should verify that (a) all U.S. Trustee fees have been paid in full and all Monthly Operating Reports have been filed; (b) the Professional Fees incurred in the Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full; and (c) Allowed First Priority Secured Claims and Allowed 503(b) Claims have been satisfied in full. A distribution schedule setting forth the Allowed First Priority Secured Claims and Allowed 503(b) Claims shall be filed on the docket in these Chapter 11 Cases no later than five business days prior to the date that the Certification is filed.

6. The Certification shall be served only on the Notice Parties and no further notice regarding the dismissal of the Chapter 11 Cases shall be required. The Debtors' creditors and parties in interest have received reasonable notice of the proposed dismissal through the Dismissal Notice.

7. To the extent (i) any funds remain reserved and held by the Debtors pursuant to the *Order Approving Stipulation Among the Debtors, FM Restaurants (PT), LLC and Westchester Fire Insurance Company* [D.I. 340] (the "Westchester Order") or any subsequent

01:24417227.4

3

stipulation among the Debtors, FM Restaurants (PT), LLC and Westchester after payment of Allowed First Priority Secured Claims and Allowed 503(b) Claims, (ii) any deposits are returned to the Debtors or Purchaser in accordance with the APA after closure of all existing utility accounts, or (iii) any other assets remain with the Debtors after establishing the reserves and making the payments set forth in this Order, the Debtors are hereby authorized to remit such funds to (x) the Purchaser to the extent set forth in the APA or (y) the Secured Lenders, in accordance with the Prepetition Loan Documents, as applicable.

8. All of the Debtors' executory contracts and leases, to the extent not rejected by prior Court order or having expired by their own terms, shall be deemed rejected as of the date of entry of this Order.

9. Notwithstanding any provision of this Order to the contrary, including without limitation, paragraph 8 hereof, any executory contracts the Debtors may have with Ecolab Inc. ("Ecolab") shall not be deemed rejected hereby, but shall be subject to a subsequent agreement of the parties or, in the absence of such an agreement, an order of the Court.  Nothing in this Order shall bar or preclude Ecolab from asserting or reconciling with the Purchaser and the Debtors any administrative claims that may be asserted by Ecolab arising in the ordinary course of business subsequent to the Petition Date, which administrative claims shall also be subject to resolution by subsequent agreement of the parties or, in the absence of such an agreement, an order of the Court.

10. Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay quarterly fees to the U.S. Trustee shall continue until such Debtor's case is dismissed pursuant to the provisions of this Order.

11. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

12. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

01:24417227.4    **Dated: April 30th, 2019**
**Wilmington, Delaware**

*(signature)*
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**